**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
) I.D. No. 0704004317
v. )
)
LAWRENCE L. MICHAELS, )
)
Defendant. )

Submitted: December 8, 2015
Decided: February 29, 2016

On Defendant's Motion for Postconviction Relief.
**DENIED.**

# ORDER

Gregory E. Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Lawrence L. Michaels, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 29th day of February, 2016, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

1.    On March 7, 2008, Defendant Lawrence Michaels was found guilty of one count of Robbery First Degree, as well was nine other offenses.[1] On June 27, 2008, Defendant was sentenced to 19 years at Level V with decreasing levels of supervision to follow. The Supreme Court of Delaware affirmed Defendant's

---

[1] Verdict Sheet; D.I. 22 (Mar. 7, 2008).

conviction and sentence on March 17, 2009.[2] Defendant then filed a petition for a writ of habeas corpus, which the district court denied on February 19, 2013.[3]

2.    Defendant filed the instant Motion on June 24, 2015. Defendant only takes issue with his conviction for Robbery First Degree. He does not assert any grounds for postconviction relief for any of the other nine convictions for which he is sentenced.

3.    Defendant was indicted for Attempted Robbery First Degree on May 7, 2007.[4] On February 19, 2008, this Court granted the State's motion to amend the charge of Attempted Robbery First Degree to Robbery First Degree. Defendant claims that the amendment indictment violated "both [his] federal and state constitutional rights," because the amended charge was not brought in front of a grand jury. Defendant asserts that this "Court lacks jurisdiction to require additional elements not issued by the grand jury."[5] He further asserts that changing the charge from Attempted Robbery First Degree to Robbery First Degree violated Superior Court Criminal Rule 7(e).

4.    Under Rule 61(i), a motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[6] If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the Defendant can show that the procedural bars are inapplicable.

5.    Rule 61(i)(5) provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or to a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or

---

[2] *Michaels v. State*, 970 A.2d 223 (Del. 2009).
[3] *Michaels v. Phelps*, 924 F.Supp. 566 (D. Del. 2013).
[4] Indictment;  D.I. 2 (May 7, 2007).
[5] Def.'s Mot. For Postconviction Relief at 1.
[6] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

fairness of the proceedings leading to the judgment of conviction."[7]

6.     Defendant's Motion is procedurally barred for several reasons. First, Defendant's Motion was not timely filed.   Defendant's conviction and sentence became final on March 17, 2009.[8] Defendant did not file this Motion until June 24, 2015, more than six years after his conviction was finalized.  Therefore, his claim is procedurally barred under Rule 61(i)(1), because his Motion exceeds the one-year time limitation.

7.     Defendant's Motion is also barred under the procedural default. Defendant failed to assert that this Court lacked jurisdiction in the proceedings leading up to his judgment of conviction and in his petition for writ of habeas corpus.  Defendant has also failed to demonstrate that he is entitled to relief from the procedural default.  Therefore, Defendant's Motion is procedurally barred.

8.     Finally, although Defendant claims in his Motion that this Court lacked jurisdiction, his argument is a spurious attempt to overcome the procedural bars of Rule 61(i)(5).  When a defendant asserts a jurisdictional challenge that is meritless, he is not entitled to consideration of claims at would otherwise be procedurally barred.[9]  Therefore, the Court will not address Defendant's assertion because his claim is baseless.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.


        **IT IS SO ORDERED.**


                                          _____
                                          Richard R. Cooch, R.J.


_____

[7] Super. Ct. Crim. R. 61(i)(5).
[8] *Michaels*, 970 A.2d 223 (Del. 2009).
[9] *Harden v. State*, 782 A.2d 264, 2001 WL 791961, at* 1 (Del. Supr. June 28, 2001) ("To the extend [the defendant] seeks to avoid the procedural bar by characterizing his claims as 'jurisdictional,' that effort is unavailing because the claims are baseless.").


3

oc:    Prothonotary
cc:    Investigative Services